Elliot G. **STEINBERG**, Plaintiff,

v.

**INTERNAL REVENUE SERVICE and Jerome Kurtz, Commissioner of Internal Revenue, Defendants.**

No. 77–2202–Civ–CA.

United States District Court, S. D. Florida.

Jan. 26, 1979.

Randall G. Dick, Levenfeld & Kanter, Chicago, Ill., for plaintiff.

Eric B. Turetsky, Myers, Kaplan, Levinson, Kenin & Richards, Miami, Fla., local counsel for plaintiff.

Stephen M. Pave, Asst. U. S. Atty., Miami, Fla., for defendants.

Judith H. Johnson, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION

ATKINS, Chief Judge.

Plaintiff, Elliot Steinberg, seeks disclosure of certain documents under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.* Many of the documents originally at issue are no longer in dispute, pursuant to stipulation of the parties. Defendants assert that all the documents still at issue are exempt from disclosure by virtue of Exemption 7(A) of the FOIA, which protects from disclosure "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings . . . ." 5 U.S.C. § 552(b)(7)(A). Defendants have moved for reconsideration of this Court's Order granting plaintiff's motion to require detailed justification, itemization and indexing, and denying without prejudice defendants' motion for summary judgment.

In moving for reconsideration, defendants rely on the holding of the Supreme Court in *N. L. R. B. v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978), reversing the Fifth Circuit Court of Appeals. In *Robbins Tire,* the Supreme Court rejected the contention that determinations of "interference" under Exemption 7(A) of the FOIA can be made only on a case-by-case basis, holding that, where appropriate, generic determinations may be made. After a detailed examination of the legislative history of Exemption 7(A), the Court concluded that:

"[C]ongress did not intend to prevent the federal courts from determining that, with respect to particular kinds of enforcement proceedings, disclosure of particular kinds of investigatory records

while a case is pending would generally 'interfere with enforcement proceedings.'"

*Id.,* 437 U.S. at 236, 98 S.Ct. 2324, 57 L.Ed. at 174.

In the instant case, the government asserts that all the documents which remain in dispute were compiled in conjunction with investigations of criminal and civil violations of the Internal Revenue Code, which investigations are still in progress, and that disclosure of these documents during the pendency of these investigations would interfere with enforcement proceedings. In support of its motion for summary judgment the defendants have filed the affidavit of Thomas J. Utaski, a special agent of the Internal Revenue Service actively involved in the ongoing investigations. The affidavit recites the development of the investigations as they relate to the plaintiff, and divides the documents, which were submitted to the Court *in camera,* into ten categories. The documents fall into several broad categories: (1) internal IRS documents and memoranda regarding audits and investigations; (2) handwritten notes regarding the conduct of the investigations which were prepared by Special Agent Utaski and the agents assigned to assist him; (3) correspondence between the IRS and prospective witnesses in the investigation; (4) grand jury subpoenas and analysis of documents submitted to the grand jury; and (5) correspondence between the IRS and other governmental agencies concerning conduct of the investigations or containing information regarding targets and witnesses of the investigations. The affidavit reveals that these records relate to ongoing grand jury investigations of the plaintiff and others. It is clear from the Court's review that premature disclosure of these records could seriously hamper these ongoing investigations and prejudice the government's prospective case against the plaintiff and others.

As the Supreme Court stated in *Robbins Tire,* "[f]oremost among the purposes of this exemption was to prevent 'harm [to] the Government's case in court,' . . .

by not allowing litigants 'earlier or greater access' to agency investigatory files than they would otherwise have." (citations omitted). *Id.* 437 U.S. at 224, 98 S.Ct. at 2318, 57 L.Ed. at 167–68. The Court cannot conceive of any enforcement proceeding in which there exists greater potential for harm than that which might arise in an ongoing criminal investigation. The courts have consistently held that the FOIA was "*not* intended to function as a private discovery tool." *See e. g. Robbins Tire,* 437 U.S. at 242, 98 S.Ct. at 2327, 59 L.Ed. at 178; *Renegotiation Board v. Bannercraft Clothing Co.,* 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974); *United States v. Murdock,* 548 F.2d 599 (5th Cir. 1977); *Title Guarantee Co. v. N. L. R. B.,* 534 F.2d 484 (2d Cir. 1976); *Kanter v. Internal Revenue Service,* 433 F.Supp. 812 (N.D.Ill.1977).

The plaintiff urges that the applicability of *Robbins Tire* is limited to pretrial disclosure of witness statements in NLRB proceedings. This interpretation is too narrow, particularly in the context of a criminal proceeding. *See Robbins Tire, supra* (Stevens, J., Burger, C. J. and Rehnquist, J. concurring). The restrictive discovery rules applicable to unfair labor practice proceedings have been analogized to the limitations on discovery in criminal proceedings, and the argument that Congress did not intend the FOIA to expand a litigant's discovery rights has been followed outside the realm of labor law. *Kanter v. Internal Revenue Service, supra.*

The Fifth Circuit specifically dealt with the interaction between the FOIA and the discovery provisions of the Federal Rules of Criminal Procedure in *United States v. Murdock, supra,* and concluded that:

> "the FOIA was not intended as a device to delay ongoing litigation or to enlarge the scope of discovery beyond that already provided by the Federal Rules of Criminal Procedure."

*Id.* at 602. Moreover, in distinguishing its holding in *Robbins Tire & Rubber Co. v. N. L. R. B.,* 563 F.2d 724 (5th Cir. 1977), *rev'd* 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed. 159 (1978), from its holding in *Murdock, supra,*

the Fifth Circuit noted that the special dangers that discovery would pose to a criminal prosecution "were so great that Congress could not possibly have intended disclosure." 563 F.2d 724, 731 n. 19.

For the foregoing reasons, the Court finds that there is no genuine issue of material fact and that the documents sought by the plaintiff are exempt from disclosure pursuant to Exemption 7(A) of the FOIA, 5 U.S.C. § 552(b)(7)(A). It is, therefore,

ORDERED AND ADJUDGED that defendants' motions for reconsideration and for summary judgment are granted, and plaintiff's motion to require detailed justification, itemization and indexing is denied. This determination is without prejudice to plaintiff's right to seek disclosure of these documents at some future date, subsequent to the termination of investigations and enforcement proceedings.

A separate judgment shall be entered in accordance herewith.