478 F.Supp. 486 (1979)
John GRABINSKI, Plaintiff,
v.
INTERNAL REVENUE SERVICE; Jerome Kurtz, Commissioner of the Internal Revenue Service, Defendants.
No. 79-403C(2).
United States District Court, E. D. Missouri, E. D.
October 23, 1979.
David M. Nissenholtz, St. Louis, Mo., for plaintiff.
Joseph B. Moore, Asst. U.S. Atty., U.S. Dept. of Justice, St. Louis, Mo., James R. Hall, Jr., Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

MEMORANDUM
NANGLE, District Judge.
This case is now before the Court on defendants' motion for summary judgment. *487 Also pending are plaintiff's motion for detailed justification, itemization and indexing, and plaintiff's cross-motion for partial summary judgment. Due to the disposition herein of defendants' motion, the aforementioned motions of plaintiff will not be considered.
By letter dated September 14, 1977, plaintiff requested all files and documents in the possession of defendants regarding himself. This request was denied, and plaintiff subsequently appealed that denial. This appeal was not timely dealt with by the Internal Revenue Service ("IRS"), so plaintiff filed the instant suit pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").
Defendants responded that the documents in question were exempt from disclosure under 5 U.S.C. § 552(b)(3), (5), and (7)(A). Originally, one hundred and seventy-five documents were sought by plaintiff. Since the filing of this suit, eleven of those documents were released to plaintiff, so only one hundred sixty-four remain in issue.
The documents involved may generally be categorized as 1) information received from third parties in the course of the IRS's investigation of plaintiff, 2) letters to and from such third parties, 3) memoranda compiled by the Special Agent of telephone conversations, and 4) the Special Agent's worksheets, notes, diary entries, etc.
Subsection (b)(7)(A) of the FOIA exempts from disclosure:
[I]nvestigatory records compiled for law enforcement purposes, but only to the extent that production of such records would (A) interfere with enforcement proceedings . . .
In the present case, it is clear that all the documents in question fall within the above exemption. Therefore, defendants' contention that two other exemptions also apply need not be reached.
The documents in question in this case were compiled by defendants during the course of an investigation into possible criminal and civil liability of plaintiff. The investigation has been completed and referred to the United States Attorneys for the Eastern District of Missouri and the Northern District of Texas for possible criminal prosecution. The United States Attorneys involved are presently considering whether to bring such prosecutions. Under these circumstances, it is clear that the documents involved are "investigatory records compiled for law enforcement purposes". Williams v. Internal Revenue Service, 345 F.Supp. 591 (D.C.Del.1972), aff'd 479 F.2d 317 (3rd Cir. 1973), cert. denied, sub. nom., Donlon v. Internal Revenue Service, 414 U.S. 1024, 94 S.Ct. 448, 38 L.Ed.2d 315 (1973).
It is also apparent that production of the documents in question would "interfere with enforcement proceedings". The Supreme Court has recently dealt with exemption (7)(A) in the context of a National Labor Relations Board ("NLRB") hearing. NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978). In that case, the plaintiff sought disclosure of potential witnesses' statements under the FOIA prior to the hearing.
The lower courts had ruled that the NLRB had not shown how the disclosure of the particular documents in question would interfere with the enforcement proceedings. The Supreme Court found little support in the statutory language for the proposition that determinations of "interference" must be made on a case-by-case basis, and held that generic determinations may be made. The reasoning behind the Court's decision makes that holding equally applicable in the present situation.
The Court stressed that the exemption was meant to prevent harm to the Government's case in court by not allowing litigants earlier or greater access to agency information than they would otherwise have. The Court looked at the legislative history, and then stated, at 232, 98 S.Ct. at 2322:
. . . The tenor of this description of the statutory language clearly suggests that the release of information in investigatory files prior to the completion of an actual, contemplated enforcement proceeding *488 was precisely the kind of interference that Congress continued to want to protect against.
The Court went on to say that in the context of a Labor Board hearing premature disclosure of such information would be inevitably harmful. The Court stated that the nature of the proceeding must be looked at, as well as the type of documents requested.
. . . We conclude that Congress did not intend to prevent the federal courts from determining that, with respect to particular kinds of enforcement proceedings, disclosure of particular kinds of investigatory records while a case is pending would generally "interfere with enforcement proceedings". Id. at 236, 98 S.Ct. at 2324.
This Court must conclude that disclosure in the present situation would also cause such interference. Plaintiff does not dispute defendants' contention that all the records in question were compiled during the course of an investigation into his potential tax liability. The Court has viewed the documents, and there clearly can be no dispute as to this contention. Plaintiff also does not dispute that the investigation and possible prosecution are still pending.
Plaintiff may not utilize the FOIA to gain earlier or greater access to agency information than a normal litigant. Id. To force disclosure in this situation would do just that, and disclosure is therefore not mandated. This result is supported by Steinberg v. I. R. S., 463 F.Supp. 1272 (S.D. Fla.1979), in which plaintiff's requests for disclosure were denied on the same grounds.
One further point merits consideration. Plaintiff argues that copies of summonses within the defendants' records should be disclosed. It is true that if these third party summonses had been issued after February 28, 1977, the plaintiff would have been notified pursuant to 26 U.S.C. § 7609. These summonses, though, were issued prior to the effective date of this section, and the Court is of the opinion that they should therefore be treated the same as all other documents. 26 U.S.C. § 7609 is designed to allow the party being investigated pursuant to a third party subpoena to object prior to enforcement. Such a purpose obviously cannot be furthered at this time, nearly two and a half years after issuance. Under such circumstances, there is no reason to go against the normal rules which exempt such investigatory records from disclosure.
Therefore, defendants' motion for summary judgment will be granted and this case will be dismissed.