Charles V. STEPHENSON,
Plaintiff–Appellant,

v.

INTERNAL REVENUE SERVICE, Atlanta, Georgia, and John W. Henderson, District Director, IRS Georgia, Defendants–Appellees.

No. 79–2685.

United States Court of Appeals,
Fifth Circuit.

Nov. 7, 1980.

Scott McLarty, Decatur, Ga., for plaintiff—appellant.

Gilbert E. Andrews, Chief, M. Carr Ferguson, Asst. Atty. Gen., Robert A. Bernstein, Murray S. Horwitz, Tax Div., Dept. of Justice, Washington, D. C., for defendants—appellees.

Before RONEY, HILL and FAY, Circuit Judges.

FAY, Circuit Judge:

Appellant, Charles Stephenson, seeks reversal of the District Court's entry of summary judgment in favor of the Internal Revenue Service (IRS) in appellant's action for release of documents pursuant to the Freedom of Information Act (FOIA) 5 U.S.C. § 552(a) (1978). He also seeks reversal of the District Court's denial of appel-

lant's motion for a detailed justification, itemization and indexing of all Internal Revenue Service documents withheld from disclosure to appellant pursuant to claimed exemptions under 5 U.S.C. § 552(b)(3), 7(A), 7(C) (1978). We conclude here that the affidavits submitted by the Service provide an insufficient basis for such determinations. Therefore, the judgment of the trial court must be reversed and remanded.

## I.

Appellant is the subject of civil and criminal investigations into his tax liabilities for the years 1975 through 1977. While these ongoing investigations by the Internal Revenue Service have not reached the prosecutorial stage, a substantial file has been developed.[1] The Service released 390 pages of documents covered by appellant's request under the Freedom of Information Act, 5 U.S.C. § 552 (1978).[2] Exemptions from release were asserted under 5 U.S.C. § 552(b)(3), (7)(A), (7)(C) (1978)[3] as to some 313 pages of documents. Appellant then sought injunctive and declaratory relief in District Court.[4] The court initially granted appellant's motion under *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974) and ordered the filing of a detailed justification and index for the withholding of each document. However, on the Service's motion for reconsideration, supported by an affidavit of the IRS Special Agent conducting the ongoing investigations of appellant,[5] the District Court reversed its

1. The I.R.S. indicated that appellant's file consisted of 703 pages of documents. Brief for appellee at 2.

2. 5 U.S.C. § 552 (1978) provides:
 (a) Each agency shall make available to the public information as follows:

 . . . . .

 (3) Except with respect to the records made available under paragraph (1) and (2) of this subsection, each agency, upon any request for records which (A) reasonably describes such records and (B) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person.

3. 5 U.S.C. § 552(b) (1978) provides:
 (b) This section does not apply to matters that are ·
 (3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

 . . . . .

 (7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings, (B) deprive a person of a right to a fair trial or an impartial adjudication, (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source, (E) disclose investigative techniques and procedures, or (F) endanger the life or physical safety of law enforcement personnel.

4. 5 U.S.C. § 552(a)(4)(B) (1978) provides:
 On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action.

5. The affidavit provides in part:
 1. I, Richard J. Gutierriz, am a special agent in the Criminal Investigation Division (formerly the Intelligence Division) of the Atlanta District Office of the Internal Revenue Service.
 2. My responsibilities as a special agent in the Criminal Investigation Division include investigating the possibility of criminal violations of the Internal Revenue laws and related offenses.

 . . . . .

 4. In connection with my duties as a special agent, in November 1977, I was assigned

previous decision and denied appellant's motion for a *Vaughn* index.[6] Subsequently, the District Court granted appellee's motion for summary judgment[7] and denied appel-

lant's motion for relief from judgment[8] and partial summary judgment. We have jurisdiction for this appeal pursuant to 28 U.S.C. § 1291 (1978).

the tax investigation of Charles V. Stephenson for the years 1975 and 1976. In May 1978, this investigation was expanded to include the 1977 tax year. The ongoing criminal tax investigation of Charles V. Stephenson is presently being conducted jointly with the assistance of a revenue agent in the Examination Division.

5. The joint investigation of Charles V. Stephenson involves potential criminal liability for possible violations of section 7203 of Title 26, 26 U.S.C. § 7203, involving the failure to file Federal income tax returns for the years 1975, 1976, and 1977.

6. I am familiar with the FOIA request made by Charles v. Stephenson, and with the documents which he has requested.

7. The documents requested by Charles V. Stephenson (those which were generated during the course of the joint investigation) which are presently in issue in this lawsuit consist of (1) memoranda of interviews with third parties, (2) records and information received from third parties relative to financial transactions with Charles V. Stephenson, (3) summonses and other documentary requests made to third parties, (4) internal memoranda requesting review of summonses, (5) internal memoranda which analyze the scope and direction of the investigation and reveal the strengths and weaknesses of the Government's case, such as fraud referral reports and investigative work plans, (6) revenue agent's workpapers, (7) special agent's workpapers, and (8) sworn statements of third parties.

8. I personally reviewed all of the documents requested by Charles V. Stephenson with Becky Brannan of the Disclosure Office. Based on this review, it was determined that about 390 of the 650 pages of documents could be released without interfering with the joint investigation of Charles V. Stephenson.

9. I determined that the release of the documents referred to in # 7 above would interfere with the joint investigation of Charles V. Stephenson and with any potential criminal prosecution, by revealing the evidence against Charles V. Stephenson and the reliance placed by the Government on that evidence, the names of likely witnesses for the Government should Stephenson ultimately be indicted, the transactions being investigated, the direction of the investigation, and the scope and limits of the Government's investigation. To reveal the identity of third parties and potential witnesses contacted during the course of my investigation

could subject these third parties and potential witnesses to harassment. Access to potential evidence could allow plaintiff to construct defenses and tamper with the evidence.

10. In addition to the documents referred to in # 7 above, the investigatory files on Charles V. Stephenson contained certain documents, which are also in issue in this litigation, reflecting the tax affairs of unrelated third parties. These documents consist of the Federal income tax returns (Form 1040) of a third taxpayer, checks and deposit slips reflecting financial information about third parties, and transcripts of account which contain tax information about third parties, including the taxpayer's identity, his social security number, and information about the taxpayer's account such as payments, credits, refunds, extensions filed, collection action and audit activity.

. . . . .

Record, vol. I at 46-48. .

6. The District Court's order denied appellant's motion based upon the exemption from disclosure in 5 U.S.C. § 552(b)(7)(A) (1978) and the Supreme Court's decision in *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978). The order only refers to 260 pages of undisclosed documents and does not address any other exemptions under FOIA.

7. This motion was also supported by the affidavit of Special Agent Gutierrez. The order of the court found that, based upon this affidavit, 209 pages in question were exempt under 5 U.S.C. § ·552(b)(3) (1978) since disclosure would have been prohibited under 26 U.S.C. § 6103(b)(1), (b)(2)(A) (1979). Record, vol. I, at 155 ·56. *This section of the I.R.C., in general,* protects tax returns and return information from disclosure to third parties. The order, further found that, based on the same affidavit, the remaining 104 pages are exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A) (1978). Record, vol. I, at 156- -58.

8. *The District Court, because appellant was* proceeding pro se, disregarded appellant's improper denomination of his motion under Fed. R.Civ.P. 60(b) and addressed it as a motion for reconsideration.

## II.

 An appellate court has two duties in reviewing determinations under FOIA.[9] (1) We must determine whether the district court had an adequate factual basis for the decision rendered and (2) whether upon this basis the decision reached was clearly erroneous. *See Church of Scientology v. U.S. Department of Defense*, 611 F.2d .738, 742 (9th Cir. 1979). We find that based upon this record the District Court did not have an adequate basis and consequently that the court's factual conclusions and subsequent determinations were clearly erroneous, as admitted in the appellee's brief.[10]

FOIA provides that the district court shall determine *de novo* whether claimed exemptions are applicable.[11] The Act also leaves to the court's discretion whether to order an examination of the contents of the agency records at issue, *in camera*, in making this determination.[12] However, the legislative intent for exercise of this discretion is relatively clear.

> [t]he court may examine records *in camera* in making its determination under any of the nine categories of exemptions under section 552(b) of the law ... While *in camera* examination need not be automatic, in many situations it will plainly be necessary and appropriate. Before the court orders *in camera* inspection, the Government should be given the opportunity to establish by means of testimony or detailed affidavits that the documents are clearly exempt from disclosure. The burden remains on the Government under this law.

S.Rep. No. 1200, 93d Cong., 2d Sess. 9 (1974), *reprinted in* [1974] U.S.Code Cong. & Admin.News, pp. 6267, 6287–88 (Conference Report).[13]

Appellant's contention that the court should order the IRS to submit a detailed index and justification for the withholding of the documents, as well as conduct an *in camera* review, derives from a line of D.C. Circuit opinions initiated by *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974) *on appeal from remand*, 523 F.2d 1136 (D.C.Cir.1975). The sole support initially offered by the government in *Vaughn* was a conclusory affidavit of the Director of the Bureau of Personnel Management Evaluation claiming exemption under 5 U.S.C. § 552(a)(3) (1970). 484 F.2d at 824. The use of affidavits created difficult problems of procedure and proof for the *Vaughn* court since the resolution of most FOIA disputes centers around the factual nature of the information sought and the statutory category asserted in response. *Id.* The *Vaughn* court observed that factual characterizations in affidavits may or may not be accurate. *Id.* at 824. Such concern has been conclusively justified in the present action.

---

**9.** Counsel advise, and it appears, that this is a case of first impression in the Circuit. However, several opinions of this Court have indicated the result we reach in this case, that in most situations blanket objections, mere conclusory allegations or affidavits will not suffice for disposition of FOIA claims. *See Moorefield v. United States Secret Service*, 611 F.2d 1021, 1023 (5th Cir. 1980); *Sladek v. Bensinger*, 605 F.2d 899, 907 -08 (5th Cir. 1979) (Hill J., concurring in part and dissenting in part); *Chamberlain v. Kurtz*, 589 F.2d 827, 835 (5th Cir. 1979), *cert. denied*, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1980); *Kent Corp. v. N.L.R.B.*, 530 F.2d 612, 624 n.30 (5th Cir.), *cert. denied*, 429 U.S. 920, 97 S.Ct. 316, 50 L.Ed.2d 287 (1976).

**10.** We note with appreciation the candor of appellee's counsel in disclosing, in his brief and at oral argument, the erroneous basis for the District Court's decision as to 209 pages of documents held exempt under 5 U.S.C. § 552(b)(3) (1978). Brief for Appellee at 11. This disclosure was consistent with the high ethical standards expected of counsel as officers of the Court.

**11.** *See* note 4 *supra.*

**12.** *Id.*

**13.** This language substantially tracks the Supreme Court's opinion in *E.P.A. v. Mink*, 410 U.S. 73, 93, 93 S.Ct. 827, 839, 35 L.Ed.2d 119 (1973) the result of which, however, was specifically disapproved of in the conference report. In *Mink* the Supreme Court also noted that selective *in camera* inspection might be another method by which the District Court could apprise itself of the bona fides of the agency's claim of exemption. *Id.*

Of the 209 pages deemed exempt by the District Court as tax return information of third parties under 5 U.S.C. § 552(b)(3) (1978) and 28 U.S.C. § 6103 (1979), Record, vol. I, at 155–56, it was subsequently discovered that, in fact, 156 pages consisted of checks and deposit slips comprising financial information (not related to tax returns) of third parties possibly exempt, if at all, only under 5 U.S.C. § 552(b)(7)(C) (1978). Brief for Appellee at 11. Therefore, the District Court was led astray in its determination by factual conclusions founded in an affidavit which described the withheld documents in fairly detailed but generic terms.[14]

To avoid such a result, and mindful of the disadvantages of *in camera* review, the *Vaughn* court articulated an intermediate approach by requiring from the withholding agency an index and detailed justification for their claim. 484 F.2d at 825, 826–28. Subsequent decisions approved of variations on this basic approach such as, index and court examination of sample reports stipulated by both parties to be representative, *see, e. g. Vaughn v. Rosen*, 523 F.2d at 1139–40, use of detailed justifications alone where indexing would be inappropriate, *see, e. g. Pacific Architects & Engineers, Inc. v. Renegotiation Board*, 505 F.2d 383, 385 (D.C.Cir.1974), and random sample inspection of documents listed and described in an affidavit *see, e. g. Ash Grove Cement Co. v.*

*F. T. C.*, 511 F.2d 815, 816 (D.C.Cir.1975). *See also, Lead Industries Association v. OSHA*, 610 F.2d 70, 88 (2nd Cir. 1979) (affidavit and index without *in camera* inspection).

Such flexibility is consistent with the purposes of the Act and the role of the trial court in such actions. Resort to *in camera* review is discretionary, *N. L. R. B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224, 98 S.Ct. 2311, 2318, 57 L.Ed.2d 159, 167 (1978), as is resort to a *Vaughn* index. However, as this case clearly demonstrates, in instances where it is determined that records do exist, the District Court must do something more to assure itself of the factual basis and bona fides of the agency's claim of exemption than rely solely upon an affidavit.[15] While we are aware of eminent decisions arguably to the contrary,[16] we remain unpersuaded. In situations where records do not exist, affidavits are probably not only sufficient but possibly the best method of verification. However, once it is established that records and documents are in the possession of the governmental agency, more is required. The facts of this case amply demonstrate the dangers inherent in reliance upon agency affidavit in an investigative context when alternative procedures such as sanitized indexing, random or representative sampling *in camera* with the record sealed for review, oral testimony or

---

14. *See* note 5 *supra*.

15. In the area of FOIA disclosure of national security or classified information there appears to be a stronger presumption in favor of reliance upon agency affidavits. *See, e. g. Weissman v. Central Intelligence Agency*, 565 F.2d 692, 696–98 (D.C.Cir.1977); *Bell v. United States*, 563 F.2d 484, 486–87 (1st Cir. 1977). However, such affidavits must still meet a number of criteria and be subjected to critical analysis by the court. *See, e. g. Hayden v. National Security Agency*, 608 F.2d 1381, 1386–88 (D.C.Cir.1979) (appeal pending); *Founding Church of Scientology v. National Security Agency*, 610 F.2d 824, 832–33 (D.C.Cir.1979); *Church of Scientology v. U. S. Department of Defense*, 611 F.2d 738, 742–743 (9th Cir. 1979). *See also*, Commentary, *Freedom of Information: Judicial Review of Executive Security Classifications*, 28 U.Fla.L.Rev. 551 (1976). We express no view on this point.

16. Appellee contends that *Barney v. I. R. S.*, 618 F.2d 1268 (8th Cir. 1980) is precisely on point upholding a District Court's determination on facts and affidavits indistinguishable from the present case. *Id.* at 1270–73. However, the clearest point of distinction is that in the instant case the affidavit submitted resulted in a misunderstanding and led the District Court into error. With respect to the decisions of *Crooker v. Office of Pardon Attorney*, 614 F.2d 825, 828 (2nd Cir. 1980); *Cox v. U. S. Department of Justice*, 576 F.2d 1302, 1310–12 (8th Cir. 1978); *Harvey's Wagon Wheel, Inc. v. N. L. R. B.*, 550 F.2d 1139, 1141–42 (8th Cir. 1976) in so much as they indicate reliance upon affidavit alone outside the area of national security classifications is adequate, we respectfully disagree. *See also Irons v. Bell*, 596 F.2d 468, 471, 476 (1st Cir. 1979).

**1146**

combinations thereof would more fully provide an accurate basis for decision.

### III.

In light of the foregoing, we vacate the summary judgment and remand the case to the District Court with directions to conduct a fuller development of the factual basis for decision consistent with this opinion and its obligations under 5 U.S.C. § 552(a)(4)(B) (1978).

VACATED AND REMANDED.