**J. C. B. EHRINGHAUS, Jr.**

**v.**

**FEDERAL TRADE COMMISSION.**

Civ. A. No. 80–1861.

United States District Court,
District of Columbia.

Dec. 23, 1980.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

This action arises under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Plaintiff seeks access to records of the Federal Trade Commission (FTC) concerning a study of the effectiveness of health warning information contained in cigarette advertising done for the FTC by Burke Marketing Research (Burke Study).

Defendant withholds the 29 documents relating to the study, claiming each is exempt from disclosure pursuant to exemptions 5 and 7(A) of FOIA. This Court finds the documents are properly withheld on the basis of exemption 7(A), and does not reach the merits of the claimed exemption 5.

### I.

Plaintiff, J.C.B. Ehringhaus, is Senior Vice President and Counsel to the Tobacco Institute, a research corporation. On April 29, 1980, he filed the aforementioned FOIA request. The Secretary of the Commission denied access to the materials requested on May 21, 1980. On appeal, the Commission's Acting General Counsel determined all documents were exempt from mandatory disclosure pursuant to exemptions 5 and 7(A).

On July 24, 1980, plaintiff filed his complaint with this Court. Defendant filed a Vaughn Index on September 16, 1980. The case is before the Court presently on cross-motions for summary judgment.

Since 1965 the FTC has been charged with the specific responsibility to investigate and report annually to Congress on the effectiveness of cigarette labeling and current cigarette advertising practices. 15 U.S.C. § 1331 *et seq.* Pursuant to this authority, the FTC began an industry-wide investigation of cigarette manufacturers and others regarding their practices. The FTC's subpoenas were enforced in 1979. The District Court found they were reasonably relevant to the FTC's valid pre-complaint investigation of cigarette advertising. *FTC v. Carter*, 464 F.Supp. 633 (D.D.C. 1979).

The Burke Study is another part of the FTC's major investigation into cigarette advertising. It is not certain what the ultimate result of the study and investigation will be. However, an enforcement action for unfair trade practice pursuant to FTC Act § 5, 15 U.S.C. § 45, is anticipated as a likely result.

The withheld documents deal with the nature of the Burke Study, a proposed study design, various modifications in the study's scope and content, its construction and the actual survey instruments. The specific issue the withholding presents with respect to exemption 7 is: whether, prior to filing a contemplated complaint alleging unfair advertising practices, the FTC must release materials pertaining to the study upon which the enforcement proceeding would be based.

### II.

The basic policy of FOIA is to promote disclosure. However, in 5 U.S.C. § 552(b), Congress carefully delineated nine exemptions from the otherwise mandatory disclosure requirements. *EPA v. Mink*, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973); *Dep't. of Air Force v. Rose*, 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976).

█ Under exemption 7(A) of the FOIA an agency may withhold

investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings * * * [5 U.S.C. § 552(b)(7).]

The Court finds the 29 documents fall within the scope of exemption 7(A).*

At the threshold, the Court determines that the 29 documents are "investigatory records" within the meaning of the FOIA as they were produced as part of the FTC investigation into the advertising practices of cigarette manufacturers.

The documents were also "compiled for law enforcement purposes". Courts have held that 7(A) applies when a law enforcement proceeding is "pending or contemplated", *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 870 (D.C. Cir. 1980); or "in prospect", *New England Medical Center Hospital v. NLRB*, 548 F.2d 377, 383 (1976); or where the investigation will "hopefully lead to a prospective law enforcement proceeding", *National Public Radio v. Bell*, 431 F.Supp. 509, 514 (D.D.C. 1977).

Interpreting the legislative history, courts have held that the purpose of the 1974 amendment to 7(A) was to allow disclosure of closed investigative files, while preventing it for active and prospective files, *NLRB v. Robbins Tire & Rubber Co.* (hereinafter *Robbins*); 437 U.S. 214, 224–232, 98 S.Ct. 2311, 2318–2322, 57 L.Ed.2d 159 (1978); *see also, Title Guarantee Co. v. NLRB*, 534 F.2d 484, 492 (2nd Cir. 1976) (quoting the Attorney General's Memorandum on the 1974 Amendments).

Senator Hart, the sponsor of the 1974 amendment stated that 7(A) prevented disclosure in those instances where it would harm "a concrete *prospective* law enforcement proceeding." 120 Cong.Rec. S9329 (Remarks of Senator Hart) (daily ed. May 30, 1974) (emphasis added).

A concrete and foreseeable possibility exists that enforcement litigation will ensue in the present case. The FTC staff investigation is active and the Commission has devoted substantial resources to it. Despite other possible outcomes of the investigation, such as a rulemaking proceeding, an enforcement proceeding is in prospect.

The final inquiry to be made is whether disclosure of the 29 documents would "interfere" with the government's case. All 29 documents at issue here relate directly to a survey to gather potential evidence for use in a future law enforcement adjudication. Disclosure would reveal preliminary evidence supporting the contemplated action, the focus of the investigation, important aspects of the planned strategy of Commission attorneys, the strengths and weaknesses of the government's case and the amount of resources devoted to the investigation. The documents in essence aggregate the impressions of many potential witnesses and the thrust of the contemplated case. In addition, document Nos. 22 and 23 are letters from consultants selected to review the survey to a Commission staff attorney, and thus identify individuals who Commission attorneys may seek as witnesses in future proceedings. Disclosure could also prematurely reveal the relative effectiveness of current health warnings.

Potential respondents would obtain an unfair litigation advantage by this premature disclosure. They could alter their litigation strategy as well as their pre-complaint activities to frustrate the imposition of effective remedies. Further, it could affect their responses to subsequent requests for information. Release of the doc-

---

* Plaintiff argues that the Vaughn index is inadequate. The Court finds the description given by the FTC is necessarily brief. Greater substantive detail could harm the investigation in the several ways described *infra*. Plaintiff relies heavily on *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854 (D.C. Cir. 1980). In that case, however, the DOE failed to show that there was any current investigation. The instant case concerns an active investigation (see *infra*). Agencies need not particularize the grounds justifying nondisclosure in a case involving an active law enforcement investigation. *National Labor Relations Board v. Robbins Tire Rubber Co.*, 437 U.S. 214, 223–226, 98 S.Ct. 2311, 2318–2319, 57 L.Ed.2d 159 (1978); *see also, Dairyman, Inc. v. Federal Trade Commission*, Civil Action No. 79–2977 (D.D.C. July 9, 1980) Mem.Op. at 34 (where a similar Vaughn index to the one here was approved), and *Exxon v. Federal Trade Commission*, 476 F.Supp. 713, aff'd 663 F.2d 120 (D.C. Cir. 1980). Accordingly, this Court finds that the Vaughn index was sufficient.

uments would allow potential litigants insights into the FTC's strategy and evidence which it would not be able to obtain through established discovery procedures.

■ One of the principal congressional purposes in enacting exemption 7(A) is "to prevent harm [to] the Government's case in court ...". *Robbins, supra*, 437 U.S. at 224–25, 98 S.Ct. at 2318, 2319. The FOIA is not intended to function as a private discovery tool, *id.* at 242, 98 S.Ct. at 2327; *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 22, 94 S.Ct. 1028, 1039, 39 L.Ed.2d 123 (1974), nor is it intended to reveal the identity and testimony of potential witnesses. *Robbins, supra*, 437 U.S. at 239–42, 98 S.Ct. at 2325–2327.

■ Moreover, in order to invoke exemption 7(A), the government is not required to make a specific factual showing with respect to each withheld document that disclosure would actually interfere with a particular enforcement proceeding. Federal courts may make generic determinations that disclosure of particular types of investigatory records while a case is pending would generally interfere with enforcements proceedings. *Id.* at 236, 98 S.Ct. at 2323.

■ The Court finds release of the 29 documents would cause impermissible harm to the government's case. The Court further finds that the 29 documents are properly withheld in total, there being no reasonably segregable parts.

Accordingly, the Court holds that the plaintiff's motion should be denied and that the defendant is entitled to summary judgment. A separate order is attached hereto.