James T. CAMPBELL, Plaintiff,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., Defendants.

Civ. A. No. 80–2996.

United States District Court,
District of Columbia.

July 21, 1981.

Katherine A. Meyer, Alan B. Morrison, Washington, D. C., for plaintiff.

Patricia J. Kenney, Asst. U. S. Atty., Washington, D. C., for defendants.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

This matter is before the Court on the Department of Health and Human Services' motion for summary judgment. The Court has considered the papers filed by the parties in support of their respective position including *in camera* affidavits submitted by defendant and the entire record. The court finds that there are no genuine issues of material fact and concludes that defendant is entitled to judgment as a matter of law.

In this action plaintiff seeks access to information obtained in FDA's investigation of Eli Lilly concerning the alleged suppression of adverse reaction data or toxicological information regarding darvon, aprindine, or monensin which consists of (1) any written statements provided by present or former officers or employees of Lilly; (2) any depositions or other statements given to the FDA by present or former officers or employees of Lilly; and (3) any letters, memoranda, or other transmittals from Lilly to the FDA concerning the investigation, together with enclosures thereto.

FDA has adamantly resisted disclosure of this information on the basis of exemption 7, 5 U.S.C. § 552(b)(7), because disclosure of the requested information would interfere with enforcement proceedings, possibly deprive one or more persons of a right to a fair trial or an impartial adjudication, or constitute an unwarranted invasion of privacy. The court agrees.

FDA has responsibility for approving human and animal drugs for marketing, 21 U.S.C. §§ 355, 360b. Its decisions to approve have obvious and enormous consequences to the public health. The burden to demonstrate safety and effectiveness of human and animal drugs through certain investigations and tests, however, is on the company sponsor which seeks to market a drug product.

As a result of plaintiff's allegations of impropriety with regard to Lilly's investiga-tions and tests, FDA initiated an investigation. The history, development and current status of the investigation in the Bureau of Drugs are described in the *in camera* affidavits of Dowell A. Davis and Dr. Michael J. Hensley who work under a Dr. Kelsey in the Division of Scientific Evaluation.

At this juncture, no decision as to whether or what agency action should be taken has been made. FDA policy against public discussion of ongoing investigations is based on the usual reason of not wanting to alert the target or targets of the investigation as to the scope and direction of the investigative efforts. Hile affidavit. It is obviously damaging to an investigation as it develops to give the potential targets information as to what the agency knows or does not know about possible violations. This is particularly so considering the type of ongoing investigation in this case. Presumably much of the evidence of violations would come from the analysis of the records already in existence but which could possibly be altered or destroyed if FDA's hand is tipped.

Exemption 7(A) of the FOIA permits the withholding of investigatory records compiled for law enforcement purposes if disclosing them would "interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). The Supreme Court has unequivocally rejected the position that exemption 7(A) requires the government on a case-by-case basis to demonstrate that the release of specific information will cause a particular injury to the investigation. Generic determinations as to interference may be made. *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978). Lower courts have consistently held that the government can meet its burden by demonstrating pendency of an ongoing investigation and that the withheld information was clearly related to it. *E. g., Stephenson v. IRS*, 629 F.2d 1140 (5th Cir. 1977); *United States v. Murdock*, 548 F.2d 599 (5th Cir. 1977); *Steinberg v. IRS*, 463 F.Supp. 1272 (S.D.Fla.1979); *Grabinski v. IRS*, 478 F.Supp. 486 (E.D.Mo.1979).

In the instant case, the government has clearly met its burden to establish the factual predicate required by exemption 7(A). The public affidavits describe stage-by-stage how this type of investigation is conducted and how the evidence is gathered. The *in camera* submissions detail stage-by-stage how this particular investigation has been conducted, and from whom and where the evidence comprising the investigatory file was gathered.

In light of the foregoing, defendant's motion is granted and this action is dismissed. An appropriate order is entered herewith.