**Juozas KACILAUSKAS, Plaintiff,**

v.

**DEPARTMENT OF JUSTICE, Immigration and Naturalization Service, Defendant.**

**No. 82 C 5255.**

United States District Court,
N.D. Illinois, E.D.

May 18, 1983.

S. Paul Zumbakis, Zumbakis & Associates, Thomas Petkus, Chicago, Ill., for plaintiff.

Dan K. Webb, U.S. Atty., Linda A. Wawzenski, Asst. U.S. Atty., Civ. Div., Dept. of Justice, Chicago, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Juozas Kacilauskas ("Kacilauskas") sues the Immigration and Naturalization Service of the Department of Justice ("DOJ") under the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552 ("Section 552")[1] and the Privacy Act, Section 552a. Kacilauskas seeks compelled production of any INS records concerning him.

Kacilauskas now moves for an order requiring DOJ to prepare what has been known as a *Vaughn* index[2]—a comprehensive itemization of each document (or "manageable" subdivisions thereof), cross-referenced to the government's detailed justification for invoking one (or more) of FOIA's nine exemptions to disclosure. For the reasons stated in this memorandum opinion and order, Kacilauskas' motion is denied.

### Background

DOJ's Office of Special Investigations ("OSI") has been investigating whether Kacilauskas, a permanent United States resident, participated in the Nazi persecutions during World War II. If that inquiry substantiates his undisclosed complicity in such Nazi activities, DOJ could take legal action to deport Kacilauskas.

After learning of the pending investigation some time in 1981, Kacilauskas asked DOJ for access to all agency records pertaining to him. On January 10, 1982 DOJ informed him:

1. All materials sought were compiled in the course of the OSI investigation, and their disclosure would impede that ongoing investigation as well as any future deportation proceedings.

2. Accordingly the materials were exempted from release under Section 552(b)(7)(A) ("Exemption 7(A)"), which protects "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings. . . ."

On May 7 Kacilauskas' counsel wrote formally reiterating the document request. On May 27 DOJ advised the request had been forwarded to its New York office. No other response was given within the time limit presented by Section 552(a)(6)(A)(i).

Kacilauskas has therefore exhausted his administrative remedies pursuant to Section 552(a)(6)(C).

### Motion for Vaughn Index

To justify nondisclosure of records under Exemption 7(A) the government must show:

1. Those records were compiled for law enforcement purposes.

2. Their revelation would jeopardize law enforcement proceedings.

Kacilauskas concedes satisfaction of the first criterion but vigorously denies disclosure would hamper either the OSI investigation or any resulting deportation proceedings. Instead Kacilauskas urges he would be unduly handicapped in rebutting DOJ's claim of interference without access to a *Vaughn* index that (1) describes the factual nature of each document and (2) explains why disclosure (in each instance) would impair any law enforcement proceeding.

DOJ retorts that divulging the sort of detailed information specified by *Vaughn* would compromise its investigation of Kacilauskas. In addition it contends claims under Exemption 7(A), in contrast to other FOIA exemptions, do not require analysis of individual documents but can be resolved instead by a generic assessment of the type of proceeding involved and the type of records sought.

In lieu of a *Vaughn* index, DOJ has furnished a category index of the withheld documents:

(a) memoranda of interviews with third parties;

(b) requests for investigation and responses thereto;

(c) records and information received from third parties relative to the plaintiff and the allegations against him;

(d) sworn statements of third parties;

(e) correspondence from or on behalf of the Department of Justice to third parties concerning requests for records, documents and information relative to

---

1. All later citations to Title 5 will similarly take the form "Section—."

2. *See Vaughn v. Rosen,* 484 F.2d 820, 826–28 (D.C.Cir.1973).

the plaintiff and the allegations against him;

(f) internal correspondence among components of the Department of Justice concerning the scope, direction and progress of the investigation of allegations against the plaintiff, including recommended courses of action;

(g) memoranda and other internal writings transmitting documents, reports, memoranda of interviews and other investigative materials within the Department of Justice;

(h) historical and other research relative to the allegations against the plaintiff;

(i) work product consisting of:

(1) notes and other documents analyzing evidence and other information developed and received during the investigation;

(2) reports of investigation and other internal memoranda which relate to the scope and direction of the investigation and reveal the strengths and weaknesses of the government's case;

(j) Application for Immigrant Visa and Alien Registration, including related documents incident to and incorporated in plaintiff's visa application.[3]

DOJ insists such generic information suffices to uphold its invocation of Exemption 7(A).[4]

Kacilauskas' motion effectively asks this Court to determine how particularized DOJ's factual showing must be to discharge its burden of proving "interference." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 241, 98 S.Ct. 2311, 2326, 57 L.Ed.2d 159 (1978) is definitive on that score:

[D]isclosure ... would constitute an "interference" with ... enforcement proceedings [if] a party litigant [receives] earlier and greater access to the [government's] case than he would otherwise have.

*Robbins* also declared the Exemption 7(A) inquiry could be undertaken on a generic basis, obviating any need to examine individual documents or to predict the actual impact of disclosure on the specific proceeding at hand (437 U.S. at 236, 98 S.Ct. at 2323–24, emphasis added):

Congress did not intend to prevent the federal courts from determining that, with respect to *particular kinds* of enforcement proceedings, disclosure of *particular kinds* of investigatory records while a case is pending would *generally* "interfere with enforcement proceedings."

Except for *Stephenson v. IRS,* 629 F.2d 1140 (5th Cir.1980), all post-*Robbins* district and appellate court decisions have heeded the Supreme Court's teachings. They have upheld Exemption 7(A) claims on a showing that disclosure of the *type* of materials at issue would generally disrupt the *type* of proceeding involved. Thus their Exemption 7(A) determinations have focused on the type of records involved rather than their individual content. *See, e.g., Campbell v. Department of Health & Human Services,* 682 F.2d 256, 262–64 (D.C.Cir.1982); *Barney v. IRS,* 618 F.2d 1268, 1273 (8th Cir.1980); *OKC Corp. v. Williams,* 489 F.Supp. 576, 584 (N.D.Tex.1980); *Grabinski v. IRS,* 478 F.Supp. 486, 487–88 (E.D.Mo.1979); *Parker/Hunter, Inc. v. SEC,* [1981 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 98,279, at 91,777–78 (D.D.C.1981) (noting its earlier

---

**3.** Category (j) documents have already been released to Kacilauskas.

**4.** Acting OSI Criminal Division Director Neal Sher ("Sher") Affidavit ¶ 5 states DOJ's justification for nondisclosure under Exemption 7(A):

5. With the exception of 17 pages comprising plaintiff's Application for Immigrant Visa and Alien Registration which the government agrees to disclose to the plaintiff, disclosure of any of these documents would interfere with and inhibit the government's pending investigation of the plaintiff in that it would prematurely reveal the substance, scope and

direction of the investigation. Such premature disclosure of the evidence against the plaintiff and the identity of third parties and potential witnesses could subject these third parties and potential witnesses to harassment and to attempts to alter their testimony or otherwise tamper with evidence in order to conform to defenses constructed by the plaintiff. Such premature disclosure would adversely affect enforcement proceedings and seriously impair administration of the federal immigration laws.

denial of a *Vaughn* motion on the strength of *Robbins* and *Barney*); *Steinberg v. IRS,* 463 F.Supp. 1272, 1273 (S.D.Fla.1979).

Because *Robbins* is so unequivocal, this Court will flow with the judicial tide rather than the *Stephenson* undertow.[5] It will eschew any document-by-document evaluation of DOJ's Exemption 7(A) claim.

Having thus subscribed to the generic approach to Exemption 7(A) analysis, this Court sees no value—and potential harm— in compelling DOJ preparation of a *Vaughn* index. Its document-specific information would create the very risks Exemption 7(A) was intended to guard against.

### Conclusion

Kacilauskas' motion for a *Vaughn* index is denied. Because counsel for both parties have stated in open court (when this opinion was announced orally) that this ruling was dispositive of the entire matter, this action is dismissed with prejudice.

---

**5.** *Stephenson*'s failure to explain its apparent deviation from *Robbins* detracts substantially from its force. *Robbins* had been relied on by the District Court (see 629 F.2d at 1143 n. 6), but the Court of Appeals ignored the main *Robbins* thrust and cited the case only for the collateral proposition that "[r]esort to *in camera* review is discretionary" (*id.* at 1145). In any case, though, *Stephenson* may also be meaningfully distinguishable for current purposes. In contrast to this case, the government affidavits tendered in *Stephenson* contained generic document descriptions that had actually misled the trial court (*id.*). In addition, *Stephenson* permitted the trial court on remand to employ fact-finding procedures less onerous than a *Vaughn* index, such as use of detailed justifications without indexing and random *in camera* sampling of enumerated documents (*id.* at 1145–46). It may be noted that another panel of the Fifth Circuit has dealt with an Exemption 7(A) problem in a way consistent with the mainstream of post-*Robbins* case law rather than with *Stephenson*. *Moorefield v. United States Secret Service,* 611 F.2d 1021, 1023–24, 1026 (5th Cir.1980).