**William J. CURRAN, Plaintiff,**

v.

**DEPARTMENT OF JUSTICE,
Defendant.**

**Civ. A. No. 85–3346–Y.**

United States District Court,
D. Massachusetts.

July 21, 1986.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

Pursuant to the Freedom of Information Act ("the Act"), 5 U.S.C. § 552, as amended, the plaintiff William Curran ("Curran") seeks access to certain files of the Federal Bureau of Investigation. By letter dated April 1, 1985, Curran requests documents concerning Cyrus and Reza Hashimi, the First Gulf Bank and Trust, and Abolfazl Hanidian, insofar as they relate to (1) the illegal export of military spare parts to Iran, (2) the purported assassination of Ali Akbar Tatatabi in Bethesda, Maryland in 1980, and (3) the then ongoing negotiations over the release of the fifty-three American hostages in Iran. Curran filed the current suit to compel disclosure of the requested documents. The Department refuses to disclose and moves for summary judgment arguing that the documents Curran seeks are exempt from disclosure under Exemption 7(A) of the Act.

The Department argues that the issues Curran seeks to litigate here in Massachusetts have already been litigated and decided by the federal district court for the Eastern District of Virginia, *Spannaus v. Department of Justice*, No. 85–0841–A, slip op. (E.D.Va. February 24, 1986) (although the plaintiffs differ, the attorneys and requests coincide). The Department urges the Court to apply the doctrine of *stare decisis* even though the technical requirements of *res judicata* are absent. While this Court maintains the utmost respect for the decisions of a colleague concerning the same legal issues, it has a duty to consider Curran's claim with scrupulous attention. 5 U.S.C. § 552(a)(4)(B); *see Palandjian v. Pahlavi*, 782 F.2d 313, 314 (1st Cir.1986).

Exemption 7(A) allows the department to withhold "investigatory records complied for law enforcement purposes, but only to the extent that the production of such records would ... interfere with enforcement proceedings...." 5 U.S.C. § 552(b)(7)(A); *F.B.I. v. Abramson*, 456 U.S. 615, 622, 102 S.Ct. 2054, 2059, 72 L.Ed.2d 376 (1982); *Willard v. Internal Revenue Service*, 776 F.2d 100, 101 (4th Cir.1985); *Campbell v. Department of Health and Human Services*, 682 F.2d 256, 259 (D.C.Cir.1982). As evidence that these records relate to ongoing criminal investigations, the Department proffers an affidavit by Roger J. Corke, Special Agent for the Department assigned to the Boston Field Division. Corke avers that "the documents making up these main investigative files relate to pending and prospective criminal enforcement proceedings against numerous subjects.... The release of these documents to plaintiff would seriously impair these enforcement proceedings, by possibly jeopardizing future prosecution through disclosure to the general public of evidence still being developed, and the precise direction and scope of the investigations."

The Supreme Court observed, "[f]oremost among the purposes of this Exemption [7(A)] was to prevent harm [to] the Government's case in court ... by not allowing litigants 'earlier or greater access' to agency investigatory files than they would otherwise have...." *National Labor Relations Board v. Robbins Tire and Rubber Co.*, 437 U.S. 214, 224–225, 98 S.Ct. 2311, 2318, 57 L.Ed.2d 159 (1978). Recognizing the danger of precipitous disclosure, the courts regularly protect investigatory records under Exemption 7(A). *Willard v. Internal Revenue Service*, 776 F.2d at 103; *J.P. Stevens & Co. v. Perry*, 710 F.2d 136, 143 (4th Cir.1983); *Ehringhaus v. F.T.C.*, 525 F.Supp. 21, 22–23 (D.D.C.1980); *Nunez v. Drug Enforcement Administration*, 497 F.Supp. 209, 212 (S.D.N.Y.1980) ("Nothing could be clearer than that the FOIA does not require the disclosure of information uncovered in an 'ongoing criminal investigation.' "). *See also Steinberg v. I.R.S.*, 463 F.Supp. 1272, 1274 (S.D.Fla. 1979).

Curran argues that the Department invokes Exemption 7(A) without supplying him with an index of the documents as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977,

94 S.Ct. 1564, 39 L.Ed.2d 873 (1974) (articulating the burden to produce meticulous and specific documentation of the Department's claimed justifications for non-disclosure under 5 U.S.C. § 552). The Department, however, need not supply a document-by-document index asserting a 7(A) exemption. *National Labor Relations Board v. Robbins Tire and Rubber Co.,* 437 U.S. 214, 223, 98 S.Ct. 2311, 2317, 57 L.Ed.2d 159 (1978); *J.P. Stevens Co. v. Perry,* 710 F.2d 136, 140–142 (4th Cir.1983); *Ehringhaus v. F.T.C.,* 525 F.Supp. at 23, note. In his affidavit, Corke explains that no index has been proffered because even to provide an index on a document-by-document basis would compromise the Department's investigations and contemplated prosecutions by revealing the "scope, nature, direction and status" of the prospective enforcement proceedings. *Kacilauskas v. Department of Justice,* 565 F.Supp. 546, 549 (N.D.Ill.1983) ("document-specific [index] would create the very risks Exemption 7(A) was designed to guard against.")

In contrast to exemptions the Department no longer presses at this time under subsections 6 and 7(C), Exemption 7(A) elicits broad judicial deference because of the serious risks involved in an erroneous order to disclose.[1] Once it is established that information was compiled pursuant to the legitimate law enforcement investigation and that disclosure of such information would lead to one of the listed harms, the information is exempt. *F.B.I. v. Abramson,* 456 U.S. at 631, 102 S.Ct. at 2064. Congress thus created a scheme of categorical exclusion; it did not invite a judicial weighing of the benefits and evils of disclosure on a case-by-case basis. *Id.* Upon the present record, therefore, where the Department's concerns are plausible and there is no reason to impugn the good faith of its affiant, the Court has little choice but to defer to the Department's conclusion that premature disclosure will compromise its enforcement proceedings.

Accordingly, the Court ALLOWS the Department's motion for summary judgment.

SO ORDERED.

---

1. *See generally* cases cited herein. The Corke affidavit lists the following predicted harms for erroneous disclosure: (A) destruction or alteration of evidence yet to be discovered; identification of individuals who possess information relative to this investigation, leading to possible intimidation and or harm; and (C) use of the information released to establish fraudulent alibis.