**Dennis DOYLE, Plaintiff-Appellant,**

v.

**FEDERAL BUREAU OF INVESTIGA-TION and William Webster, in his capacity as Director, Defendants-Appellees.**

No. 83–5500.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1983.

Decided Dec. 27, 1983.

Michael Shames, San Diego, Cal., for plaintiff-appellant.

Michael E. Quinton, Asst. U.S. Atty., Michael H. Walsh, U.S. Atty., San Diego, Cal.; for defendants-appellees.

Before FLETCHER and NELSON, Circuit Judges and CORDOVA,* District Judge.

NELSON, Circuit Judge:

We must decide whether it was error for the district court to uphold the government's withholding of documents requested under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, on the basis of an *in camera* affidavit submitted in support of the claimed exemptions without a review of the requested documents. We affirm.

### FACTS

Appellant Dennis Doyle filed requests for any documents pertaining to him that were in the possession of the FBI. The FBI withheld many of the requested documents, claiming exemptions from disclosure based on national security, 5 U.S.C. § 552(b)(1), and protection of personal privacy and confidential sources, 5 U.S.C. § 552(b)(7)(C) & (D).

The district court ordered the FBI to submit public affidavits justifying, itemizing, and indexing the withheld documents. The court found the submitted affidavits too vague and conclusory to justify the claimed exemptions.

Doyle then filed a motion to request *in camera* inspection of the documents. The FBI responded by submitting *in camera*

affidavits and moving for summary judgment based on its public and private affidavits. Without viewing any of the documents *in camera,* the district court granted judgment for the FBI, sustaining its withholding of the documents.

### ISSUE

An appellate court ordinarily must answer two questions when reviewing FOIA cases: (1) whether the district court had a factual basis adequate to make a decision, and (2) if it did, whether the decision below was clearly erroneous. *Church of Scientology, Etc. v. U.S. Dept of Army,* 611 F.2d 738, 742 (9th Cir.1979). Because of the inadequacy of the record designated on appeal, we do not get beyond the first question. Apparently appellant Doyle purposely did not designate the *in camera* affidavit as part of the record on appeal. He asks that we decide as a matter of law that the district court does not have an adequate factual basis to sustain the withholding of ·documents unless it examines the documents themselves or otherwise verifies the accuracy of the *in camera* affidavit. The question is one of first impression in this circuit.

### DISCUSSION

When an FOIA request is made, a government agency may withhold a document, or portions of it, if it contains information that falls within one of nine statutory exemptions to the disclosure requirements. 5 U.S.C. § 552(b).

The government has the burden of establishing that a given document is exempt from disclosure. *Church of Scientology,* 611 F.2d at 742. The government may not rely upon conclusory and generalized allegations of exemptions in meeting its burden. *Id.,* quoting *Vaughn v. Rosen,* 157 U.S.App.D.C. 340, 346, 484 F.2d 820, 826 (D.C.Cir.1973). Rather, the affidavits or oral testimony must be detailed enough for

---

* Hon. Valdemar A. Cordova, United States District Judge for the District of Arizona, sitting by designation.

the district court to make a *de novo* assessment of the government's claim of exemption. *See Harvey's Wagon Wheel, Inc. v. N.L.R.B.,* 550 F.2d 1139, 1142 (9th Cir.1976).

■ In certain FOIA cases—usually when national security exemptions are claimed—the government's public description of a document and the reasons for exemption may reveal the very information that the government claims is exempt from disclosure. This court does not require the government to specify its objections in such detail as to compromise the secrecy of the information. *Church of Scientology,* 611 F.2d at 742. In such a case, the district court has discretion to proceed *in camera. Id.* at 743.

This court recently considered objections to the *ex parte* nature of the *in camera* review process in *Pollard v. F.B.I.,* 705 F.2d 1151 (9th Cir.1983). The district court entered judgment for the government based on a review of documents and affidavits *in camera* and the *ex parte* testimony of an F.B.I. agent. We affirmed, despite the fact that no transcript was made of the agent's testimony.

Although the district court did review the withheld documents in *Pollard,* that decision nonetheless provides guidance in the case at hand. The court first cautioned that "the *ex parte,* non-adversarial nature of *in camera* review ... has prompted courts to proceed with caution in endorsing *in camera* review of documents in FOIA cases." 705 F.2d at 1153. The court recognized, however, that "*in camera, ex parte* review remains appropriate in certain FOIA cases, *provided* the preferred alternative to *in camera* review—government testimony and detailed affidavits—has first failed to provide a sufficient basis for decision." *Id.* at 1153–54 (emphasis added). Once the government has submitted as detailed public affidavits and testimony as possible, the district court may resort to "*in camera* review of the documents themselves and/or *in camera* affidavits," 705 F.2d at 1154 (emphasis added),—a recognition that in *some* instances, affidavits alone may suffice.

We recognize the danger inherent in relying on *ex parte* affidavits. In *Stephenson v. IRS,* 629 F.2d 1140 (5th Cir.1980), the court noted that the district court had been "led astray in its determinations by factual conclusions founded in an affidavit which described the withheld documents in fairly detailed but generic terms." *Id.* at 1145. The *Stephenson* court concluded that once the district court has determined that records do exist, it is obliged to assure itself of the "factual basis and bona fides" of an agency's claim of exemption, rather than rely solely upon an affidavit. *Id.* It suggested alternative procedures such as sanitized indexing, random or representative sampling *in camera* with the record sealed for review, oral testimony, or a combination of these procedures. *Id.* at 1145–46.

The District of Columbia Circuit has also expressed grave reservations about *in camera* affidavits. *See Mead Data Central v. United States Department of the Air Force,* 566 F.2d 242, 262 & n. 59 (D.C.Cir.1977). The court stated that selective *in camera* inspection could be used to verify an agency's descriptions and "provide assurances, beyond administrative good faith, to FOIA plaintiffs that the descriptions are accurate and as complete as possible." *Id.* at 262.

The legislative history of the 1974 amendments highlights Congress' concern that agencies might abuse the withholding provisions and its awareness of specific allegations that the FBI had in fact abused the withholding process. Congress hoped the more liberal disclosure mandated by the amendments would prevent such occurrences. *See FBI v. Abramson,* 456 U.S. 615, 640 n. 11, 102 S.Ct. 2054, 2062 n. 11, 72 L.Ed.2d 376 (1982) (O'Connor, J., dissenting) (citing House Comm. on Government Operations and Senate Comm. on the Judiciary, Freedom of Information Act and Amendments of 1974 (Pub.L. 93–502), Source Book, 94th Cong. 1st Sess., 348, 440–41, 453 (Joint Comm. Print 1975).)

■ Although we concede that only in the exceptional case would the district court be justified in relying solely on *in camera* affidavits, we are unwilling to hold as a

matter of law that there are no situations in which affidavits alone are adequate. Review of the documents might not be necessary, for example, if the affidavits were specific, their contents were not contradicted elsewhere in the record, and there was no suggestion of bad faith either in that case or in other cases handled by that agency.

Appellant's failure to provide us with an adequate record on appeal prevents us from determining whether documents should have been reviewed in this case. We affirm the judgment of the district court.

AFFIRMED.