**LION RAISINS INC., Plaintiff— Appellant,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, Defendant— Appellee.**

**No. 05–17449.**

United States Court of Appeals, Ninth Circuit.

Submitted April 27, 2007 *.

Filed April 30, 2007.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Wesley T. Green, Esq., Ernest H. Tuttle, III, Esq., James F. McBrearty, Esq., Tuttle & McCloskey, Fresno, CA, for Plaintiff–Appellant.

Kristi C. Kapetan, USF—Office of the U.S. Attorney, Fresno, CA, for Defendant–Appellee.

Before: TASHIMA, THOMAS, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

This case concerns a request by Lion Raisins Inc. ("Lion"), pursuant to the Freedom of Information Act, 5 U.S.C. §§ 552, *et seq.* ("FOIA"), for documents relating to the U.S. Department of Agriculture's ("USDA") inspections of raisins at Lion's facility in connection with an investigation of Lion. Lion challenges the district court's grant of summary judgment in favor of the USDA, which approved the withholding of "Work Sheets for Certificates of Quality and Condition for Raisins" ("Worksheets") under FOIA's law enforcement exemption, 5 U.S.C. § 552(b)(7)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

In reviewing FOIA cases, we ask two questions: "(1) whether the district court had a factual basis adequate to make a decision, and (2) if it did, whether the decision below was clearly erroneous." *Doyle v. FBI*, 722 F.2d 554, 555 (9th Cir. 1983).

With respect to whether there was an adequate factual basis for the district court's decision, "[c]ourts can rely solely on government affidavits so long as the affiants are knowledgeable about the information sought and the affidavits are detailed enough to allow the court to make an independent assessment of the government's claim." *Lion Raisins Inc. v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir.2004) ("*Lion Raisins I*") (citing *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 742 (9th Cir.1979)). The USDA submitted detailed public testimony from a lead investigator, which described the ongoing proceedings and explained how disclosure of the Worksheets would provide the only means by which Lion could determine the precise nature of the USDA's investigation. This testimony provided an adequate factual basis for the district court's decision that the law enforcement exemption applied here. *Doyle*, 722 F.2d at 555; *Church of Scientology*, 611 F.2d at 742.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts of this case, we do not recite them, except to the extent necessary to aid in understanding this disposition.

In addition, the district court's determination that the Worksheets fell within the law enforcement exemption was not clearly erroneous or based on an incorrect interpretation of the law. *Lewis v. IRS,* 823 F.2d 375, 379 (9th Cir.1987); *Church of Scientology,* 611 F.2d at 743. To the contrary, the district court correctly concluded that the Worksheets fell within the law enforcement exemption, given the submitted testimony and likely interference with the administrative proceedings.[2] " 'FOIA was *not* intended to function as a private discovery tool.' " *Lewis,* 823 F.2d at 380 (quoting *Robbins Tire,* 437 U.S. at 242, 98 S.Ct. 2311); *see also Robbins Tire,* 437 U.S. at 241, 98 S.Ct. 2311 (describing the situation of "giving a party litigant earlier and greater access to the [agency's] case than he would otherwise have" as "the kind of harm that Congress believed would constitute an 'interference' with [the agency's] enforcement proceedings").

Because the district court had an adequate factual basis for its decision and its conclusions of law were accurate, the district court's grant of summary judgment in favor of the USDA is

**AFFIRMED.**

---

**2.** Despite Lion's arguments, it is apparent from the record that the Worksheets are not identical to any items that Lion already has in its possession, and they are therefore distinguishable from the Line Check Sheets at issue in *Lion Raisins I;* their disclosure would provide Lion with additional information about the ongoing proceedings, and interfere therewith. "[E]ven without intimidation or harassment[,] a suspected violator with ad-

vance access to the [agency's] case could construct defenses which would permit violations to go unremedied." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 241, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978) (internal quotation marks and citation omitted).

