**TRUTHOUT, Plaintiff,**

v.

**DEPARTMENT OF JUSTICE, Defendant.**

**No. CIV. S–12–2601 LKK/CKD.**

United States District Court, E.D. California.

Signed May 5, 2014.

Filed May 6, 2014.

Order Denying Reconsideration June 4, 2014.

Kelly Brian McClanahan, PHV, National Security Counselors, Arlington, VA, Jenni-fer Ann Lynch, Electronic Frontier Foundation, San Francisco, CA, for Plaintiff.

Yoshinori H. T. Himel, United States Attorney's Office, J. Earlene Gordon, Govt., U.S. Attorney's Office, Sacramento, CA, for Defendant.

## ORDER

LAWRENCE K. KARLTON, Senior District Judge.

Plaintiff Truthout sues the U.S. Department of Justice ("DOJ") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking the release of certain records withheld by the agency in response to a FOIA request.

The DOJ has moved for summary judgment in its favor, lodging with the court the *in camera, ex parte* declaration of one David Hardy in support. To date, only a redacted copy of this declaration has been filed on the court's publicly-accessible electronic docket. Truthout, in turn, has moved the court to order the declaration either stricken or filed publicly.

This matter has been decided on the papers submitted. For the reasons set forth below, the court will deny Truthout's motion to either strike Hardy's declaration or order it publicly-filed. Further, based on its review of the declaration, the court will grant the DOJ's motion for summary judgment.

### I. BACKGROUND

#### A. Factual Background

The following facts are taken from the operative complaint. (ECF No. 1.)

##### 1. Initial FOIA request

Truthout is a nonprofit organization organized under the laws of California. (Complaint ¶ 3.) On April 12, 2011, Truthout submitted a FOIA request to the Fed-

eral Bureau of Investigation for all records about one Hesham Abu Zubaidah, who resides in this judicial district. (*Id.* ¶ 7.) Zubaidah's brother is Zayn al-Abidin Muhammad Husayn a/k/a Abu Zubaidah, whom Truthout characterizes as "a high-value detainee currently imprisoned at Guantanamo Bay." (*Id.*) Truthout also submitted a privacy waiver signed by Mr. Zubaidah, and requested expedited processing of its FOIA request. (*Id.*)

On August 26, 2011, the FBI acknowledged receipt of the FOIA request, assigning it Request No. 1164662–000. The FBI did not address the merits of Truthout's expedited processing request. (*Id.* ¶ 8.)

On September 22, 2011, the FBI informed Truthout that it had located approximately 1200 pages of responsive records. The FBI requested that Truthout agree to pay an estimated fee of $35 for production of these records; Truthout did so. (*Id.* ¶ 9.)

On September 30, 2012 (*i.e.,* more than one year later), the FBI made an interim release of redacted records to Truthout. (*Id.* ¶ 10.) But as of October 18, 2012 (the date this action was filed), no final determination had been made as to the request. (*Id.* ¶ 11.)

Truthout's first cause of action alleges a constructive denial of its FOIA request, No. 1164662–000, and seeks, *inter alia,* an order directing the FBI to provide all responsive records in an expedited fashion.

It appears, at this time, that the parties have resolved their dispute regarding this FOIA request. Plaintiff Truthout writes, in its briefing herein, that, "This Motion only pertains to Count 2 of the Complaint, as Plaintiff is satisfied with [the] FBI's response to Count 1 and is not challenging any of its withholdings." (Motion 2 n. 1, ECF No. 50–1.) Accordingly, the court will not rule on those portions of the DOJ's

motion for summary judgment that address its denial of FOIA Request No. 1164662–000.

### 2. FBI interview of Mr. Zubaidah and subsequent FOIA request

On August 26, 2011, the same day that the FBI acknowledged FOIA Request No. 1164662–000, an FBI agent interviewed Mr. Zubaidah at his home, in an attempt to convince him to rescind his privacy waiver. (*Id.* ¶ 17.) When Truthout reporter Jason Leopold learned of this interview, he contacted the FBI "to ask why agents were interfering with Truthout's FOIA request." (*Id.* ¶ 18.)

Mr. Leopold was told by multiple FBI representatives, including David Hardy, the chief of the FOIA office, that such interviews were routine, and done to ensure that privacy waivers were not forged or signed under duress. (*Id.*) Truthout alleges that, "Despite diligent research, Truthout has not located a single other instance in which [the] FBI has interviewed the subject of a FOIA request regarding a privacy waiver." (*Id.* ¶ 19.)

On July 19, 2012, Truthout submitted a FOIA request to the FBI, seeking:

> all FBI records pertaining to instances in which the FBI has dispatched special agents, or any other FBI officials, to make personal visits to the homes, workplaces, and/or have directed said officials to personally call third parties who have signed Privacy Act waivers authorizing individuals or organizations to file FOIA requests on behalf of the third party to discuss and/or determine the legitimacy of the FOIA requests the third parties authorized and the authenticity of signatures on Privacy Act waivers. (*Id.* ¶ 20.)

On August 15, 2012, the FBI acknowledged receipt of this FOIA request, assigning it Request No. 1196660–000. (*Id.* ¶ 21.) The FBI then responded as follows:

Please be advised that it is the FBI's policy to neither confirm nor deny the existence of any records which would tend to indicate or reveal whether an individual or organization is of investigatory interest to the FBI. Acknowledging the FBI's interests invites the risk of circumvention of federal law enforcement efforts. Thus, pursuant to FOIA, 5 U.S.C. § 552 exemption (b)(7)(E), the FBI neither confirms nor denies the existence of records which would indicate whether an individual or organization is or has ever been of investigatory interest. (*Id.* ¶ 21.)

On September 12, 2012, Truthout appealed this determination to the DOJ Office of Information Policy ("OIP"), arguing that "[t]his request was not for records regarding which people were of investigatory interest to the FBI, it was for records about how the FBI processed FOIA requests, specifically, instances in which FBI agents conducted interviews to determine if private parties had given consent for the release of their records, as occurred during the processing of Truthout's FOIA Request No. 1164662–000." (*Id.* ¶ 22.)

On September 28, 2012, OIP acknowledged this appeal, assigning it Appeal No. AP–2012–03443. As of the date of filing of the instant action, OIP had not issued a final determination on the appeal. (*Id.* ¶¶ 23, 24.)

Truthout's second cause of action alleges a denial of its FOIA request, No. 1196660–000, and seeks, *inter alia,* an order directing the FBI to provide all responsive records in an expedited fashion.

### B. Procedural Background

Truthout filed the instant action on October 18, 2012. The DOJ answered on December 5, 2012. (ECF No. 13.) Pursuant to court order, the DOJ filed a motion for summary judgment on September 9, 2013. (ECF No. 27.) For a variety of reasons, including the government shutdown and various stipulations by the parties, the hearing on the summary judgment motion was continued until March 2014. After reviewing the party's filings, the court determined that oral argument was unnecessary.

## II. TRUTHOUT'S MOTION TO STRIKE OR, ALTERNATIVELY, TO ORDER PUBLICATION OF THE HARDY DECLARATION

In support of its motion for summary judgment, the DOJ lodged the *in camera, ex parte* declaration of David Hardy,[1] while filing a redacted version on the court's electronic docket. (ECF No. 27–5.) Plaintiff now moves the court to either strike Hardy's declaration from the record or, alternatively, to order it filed on the public record. (ECF No. 50.) This motion was originally set for hearing on January 31, 2014, but the parties subsequently stipulated to having it decided on the papers. (ECF No. 59.)

### A. Legal Background re: FOIA

FOIA requires "every federal agency, upon request, to make 'promptly available to any person' any 'records' so long as the request 'reasonably describes such records.'" *Assassination Archives & Research Ctr. v. CIA,* 334 F.3d 55, 57 (D.C.Cir.2003) (quoting 5 U.S.C. § 552(a)(3)(A)). The Supreme Court recently summarized relevant agency procedures under FOIA as follows:

---

1. The operative complaint describes Hardy as "the chief of the FOIA office." (Complaint ¶ 18.) Hardy avers in his declaration that he is "the Section Chief of the Record/Informa- tion Dissemination Section of the Records Management Division at the Federal Bureau of Investigation in Winchester, Virginia." (Redacted Hardy Decl. ¶ 1.)

FOIA requires each agency receiving a request to "notify the person making such request of [its] determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i). When an agency denies a request in whole or in part, it must additionally "set forth the names and titles or positions of each person responsible for the denial," "make a reasonable effort to estimate the volume of any [denied] matter," and "provide any such estimate to the person making the request." §§ 552(a)(6)(C)(i), (a)(6)(F).

*Schindler Elevator Corp. v. U.S. ex rel. Kirk,* — U.S. ——, 131 S.Ct. 1885, 1893, 179 L.Ed.2d 825 (2011). Defendant DOJ has adopted implementing regulations under the statute at 28 CFR §§ 16.1–16.12 (2013).

▮ Despite FOIA's purpose of "facilitat[ing] public access to Government documents," *U.S. Dep't of State v. Ray,* 502 U.S. 164, 173, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991), the statutory scheme "contemplates that some information may legitimately be kept from the public." *Lahr v. Nat'l Transp. Safety Bd.,* 569 F.3d 964, 973 (9th Cir.2009). The statute enumerates nine exemptions under which the government may withhold documents or portions of document. *See* 5 U.S.C. § 552(b)(1)-(9). An agency that invokes one of these exemptions bears the burden of demonstrating its propriety. *Ray,* 502 U.S. at 173, 112 S.Ct. 541. The Ninth Circuit has held that FOIA exemptions are to be interpreted "narrowly." *Assembly of Cal. v. U.S. Dep't of Commerce,* 968 F.2d 916, 920 (9th Cir.1992).

The DOJ seeks to exempt the redacted portions of the Hardy declaration by invoking FOIA Exemption 7E, which exempts from disclosure:

> [R]ecords or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law....

5 U.S.C. § 552(b)(7)(E).

▮ Ordinarily, *"in camera* inspection of documents is disfavored ... where the government sustains its burden of proof by way of its testimony or affidavits," as it has here. *Lion Raisins v. U.S. Dept. of Agric.,* 354 F.3d 1072 (9th Cir.2004). Nevertheless, the Ninth Circuit has recognized that in certain cases, "the government's public description of a document and the reasons for exemption may reveal the very information that the government claims is exempt from disclosure." *Doyle v. F.B.I.,* 722 F.2d 554, 556 (9th Cir.1983). In such cases, the district court need not "require the government to specify its objections in such detail as to compromise the secrecy of the information." *Id.*

The scope of judicial review of FOIA determinations is as follows:

> On complaint, the district court of the United States in the district in which the complainant resides ... has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera[2] to determine whether such records

---

**2.** In this case, the DOJ has not provided the withheld records for review; the *in camera, ex*

*parte* Hardy declaration merely describes the

or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action. In addition to any other matters to which a court accords substantial weight, a court shall accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility under paragraph (2)(C) and subsection (b) and reproducibility under paragraph (3)(B).[3]

5 U.S.C. § 552(a)(4)(B).

## B. Analysis re: Motion to Strike or Publish the Unredacted Hardy Declaration

█ The question presented is whether the DOJ's reliance on the unredacted Hardy declaration is justified, *i.e.,* whether ordering disclosure of the redacted portions "may reveal the very information that the government claims is exempt from disclosure." *Doyle,* 722 F.2d at 556.

█ Plaintiff Truthout moves to unseal the declaration based on Local Rule 141(f), which provides:

Upon the motion of any person, or upon the Court's own motion, the Court may, upon a finding of good cause or consistent with applicable law, order documents unsealed. See Fed.R.Civ.P. 5.2, Fed.R.Crim.P. 49.1.

Truthout also cites *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172 (9th Cir.2006), in support of its position. *Kamakana* stands for the general proposition that a party seeking to seal a judicial record attached to a dispositive motion must articulate "compelling reasons" in favor of sealing.[4] *See id.* at 1178.

█ Truthout's reliance on *Kamakana,* while understandable, is inapt. Importing the general standard for the sealing of records into FOIA litigation threatens to vitiate the exemptions that the statute sets forth. In deciding whether a FOIA exemption applies, the court may be unable to "articulate the factual basis for its ruling," *Pintos,* 605 F.3d at 679, without simultaneously revealing the information that the government seeks to withhold. It is in recognition of this fact that the Ninth Circuit allows district courts to "rule on summary judgment in FOIA cases solely on the basis of government affidavits describing the documents sought." *Lion Raisins,* 354 F.3d at 1082 (citing *Church of Scientology of Cal. v. U.S. Dept. of Army,* 611 F.2d 738, 742 (9th Cir.1979)).

█ Both parties cite *Lion Raisins,* 354 F.3d at 1072, in support of their positions. Defendant DOJ describes the case as "recognizing the Court's endorsement of using *in camera* affidavits to decide some FOIA cases." It is better understood as standing for the proposition that district courts "must require the government to

---

withheld records and the reasons why the agency withheld them.

**3.** Paragraph (2)(C) requires agencies to "make available for public inspection and copying ... administrative staff manuals and instructions to staff that affect a member of the public[.]" 5 U.S.C. § 552(a)(2)(C). Subsection (b) sets forth the nine statutory ·exemptions from FOIA disclosure alluded to above. 5 U.S.C. § 552(b). Paragraph (a)(3)(B) provides, *inter alia,* that "an agency shall provide the record in any form or for-

mat requested by the person if the record is readily reproducible by the agency in that form or format." 5 U.S.C. § 552(3)(B).

**4.** Under the "compelling reasons" standard, a district court must weigh "relevant factors," base its decision "on a compelling reason," and "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 679 (9th Cir.2009) (quoting *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir.1995)).

justify FOIA withholdings in as much detail as possible on the public record before resorting to *in camera* review." *Id.* at 1084. *Lion Raisins* concerns an appeal from entry of summary judgment in the government's favor in a FOIA case; several records had been withheld under FOIA Exemption 7(A), "law enforcement records or information [which] could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7). The Ninth Circuit reversed the district court, finding fault with the latter's "reliance on *in camera* review of the sealed declaration as the sole basis for its decision," *id.* at 1082, and remanded, requiring "the district court [to] require [the government] to submit detailed public declarations, testimony, or other material in support of its invocation of the ... exemption and afford [plaintiff] an opportunity to advocate for the release of the reports." *Id.* at 1085. Ultimately, the Ninth Circuit held, "the district court must require the government to justify FOIA withholdings in as much detail as possible on the public record before resorting to *in camera* review." *Id.* at 1084.

The DOJ has not run afoul of *Lion Raisins* here. Having reviewed the unredacted Hardy declaration, the court is satisfied that the government "has submitted as much detail in the form of public affidavits and testimony as possible" in the form of the redacted Hardy declaration. *Id.* at 1083. Moreover, Truthout has had the opportunity to advocate for the release of both the unredacted Hardy declaration (by seeking an order that unseals or strikes it) and the underlying records responsive to the FOIA request (by opposing the DOJ's summary judgment motion).[5]

Truthout also argues that the DOJ should be required to provide it with a "*Vaughn* index," a term of art originating in the seminal case of *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973). The Ninth Circuit has described *Vaughn* indices as follows:

> Ordinarily, rules of discovery give each party access to the evidence upon which the court will rely in resolving the dispute between them. In a FOIA case, however, because the issue is whether one party will disclose documents to the other, only the party opposing disclosure will have access to all the facts. [citations.]
>
> "This lack of knowledge by the party seeking disclosure seriously distorts the traditional adversary nature of our legal system[ ]." *Vaughn,* 484 F.2d at 824. The party requesting disclosure must rely upon his adversary's representations as to the material withheld, and the court is deprived of the benefit of informed advocacy to draw its attention to the weaknesses in the withholding agency's arguments. It is simply "unreasonable to expect a trial judge to do as thorough a job of illumination and characterization as would a party interested in the case." *Id.* at 825.
>
> In recognition of this problem, government agencies seeking to withhold documents requested under the FOIA have been required to supply the opposing party and the court with a "*Vaughn* index," identifying each document withheld, the statutory exemption claimed,

---

5. Despite the Ninth Circuit's admonition that "[r]equiring as detailed public disclosure as possible of the government's reasons for withholding documents under a FOIA exemption is necessary to restore, to the extent possible, a traditional adversarial proceeding by giving the party seeking the documents a meaningful opportunity to oppose the government's claim of exemption," *Lion Raisins,* 354 F.3d at 1083, the court is fully aware that Truthout is essentially fighting blindfolded.

and a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption. [citations.] The purpose of the index is to "afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding." *[King v. Dep't of Justice*, 830 F.2d 210, 218 (D.C.Cir.1987).] The index thus functions to restore the adversary process to some extent, and to permit more effective judicial review of the agency's decision.

*Wiener v. F.B.I.*, 943 F.2d 972, 977–78 (9th Cir.1991). Not only did the DOJ deny Truthout's FOIA request herein, it also failed to furnish a *Vaughn* index with its denial. The difficulty, however, is that the court cannot discern a way to require the DOJ to provide "a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption," *id.,* without also forcing the agency to reveal the information contained in the withheld documents. As discussed below, this information falls within FOIA Exemption 7E.

Accordingly, the court will deny Truthout's motion to either strike Hardy's declaration or order that it be publicly filed.

### C. Analysis re: Summary Judgment Motion

■ Having reviewed the unredacted Hardy declaration, the court concludes that the DOJ has met its burden on summary judgment regarding Request No. 1196660–000. "There is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), that the withheld documents meet the criteria outlined in FOIA Exemption 7E. Disclosure of the withheld information would "disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).[6]

I am bound by the FOIA statute in reaching this conclusion. Nonetheless, the court must state that Hardy's unredacted declaration is the quintessence of bureaucratic obfuscation. While attempting to decipher its meaning, I recalled one of Orwell's observations when confronted with such writing:

> As soon as certain topics are raised, the concrete melts into the abstract and no one seems able to think of turns of speech that are not hackneyed: prose consists less and less of words chosen for the sake of their meaning, and more and more of phrases tacked together like the sections of a prefabricated henhouse.

George Orwell, "Politics and the English Language," *in A Collection of Essays* 162, 165 (Anchor Books 1954). Which begs the question, why did the government resort to hackwork here? Orwell again:

> The inflated style is itself a kind of euphemism. A mass of Latin words falls upon the facts like soft snow, blurring the outlines and covering up all the details. The great enemy of clear language is insincerity. When there is a gap between one's real and one's declared aims, [the writer] turns, as it

---

**6.** Moreover, it is arguable, though the court does not here find, that the pertinent documents would qualify for other FOIA Exemptions outlined in 5 U.S.C. § 552(b)(7), thereby possibly reinforcing the propriety of allowing the DOJ to withhold the information from disclosure.

were, instinctively to long words and exhausted idioms, like a cuttlefish squirting out ink.

## III. CONCLUSION

The court hereby orders as follows:

[1] Plaintiff's motion for an order striking the *ex parte* declaration of David Hardy from the record, or alternatively, directing that it be filed on the public record, is DENIED.

[2] Defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

## ORDER

Plaintiff Truthout sued the U.S. Department of Justice ("DOJ") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking the release of certain records withheld by the agency in response to a FOIA request.

The DOJ previously moved for summary judgment. (ECF No. 27.) In support of its motion, the agency lodged the *in camera, ex parte* declaration of one David Hardy, while filing a redacted version on the court's electronic docket.[1] (ECF No. 27–5.) In response, Truthout moved the court to either strike Hardy's declaration from the record or, alternatively, to order it filed on the public record. (ECF No. 50.)

By order dated May 5, 2014, the court denied Truthout's motion regarding the Hardy declaration, and granted the DOJ's motion for summary judgment. *Truthout v. Dep't of Justice*, 20 F.Supp.3d 760, 2014 WL 1794449, 2014 U.S. Dist. LEXIS 62607 (E.D.Cal.2014).

Truthout now moves for reconsideration of that portion of the order granting summary judgment to the DOJ. (ECF No. 63.)

Truthout bases its motion on Federal Rule of Civil Procedure 60(a), which permits the court to "correct ... a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

■ According to Truthout, the court erred by ruling on the motion for summary judgment without permitting Truthout to file an opposition. Pursuant to an agreement between the parties, briefing on the DOJ's summary judgment motion was stayed while the court decided Truthout's motion to either strike, or order publicly-filed, the Hardy Declaration. (Order, ECF No. 49.) Yet the court ruled on the motion without lifting the stay. Truthout contends:

By granting summary judgment on 6 May 2014, the Court ruled on Defendant's Motion without "the benefit of informed advocacy to draw its attention to the weaknesses in the withholding agency's arguments." *Wiener v. FBI*, 943 F.2d 972, 977 (9th Cir.1991). While Truthout concedes that, without access to the *in camera, ex parte* declaration, its ability to argue is constrained, that does not mean that it has *no* arguments to make, and the rules of civil procedure mandate that it still be allowed an opportunity to "draw [the Court's] attention to the weaknesses in.[Defendant's] arguments." (Motion for Partial Reconsideration 2, ECF No. 63.)

Truthout is incorrect when it argues that the Federal Rules of Civil Procedure mandate the opportunity to oppose a summary judgment motion. As Rule 56(a) plainly

---

**1.** The operative complaint describes Hardy as "the chief of the FOIA office." (Complaint ¶ 18.) Hardy avers in his declaration that he is "the Section Chief of the Record/Informa-tion Dissemination Section of the Records Management Division at the Federal Bureau of Investigation in Winchester, Virginia." (Redacted Hardy Decl. ¶ 1, ECF No. 27–5.)

states, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

As discussed in its prior order, the court concluded, after reviewing the unredacted Hardy declaration, that FOIA Exemption 7E was indisputably satisfied. The court therefore deemed additional briefing regarding the summary judgment motion to be unnecessary. Its decision to forego further briefing was not an "oversight or omission," but a deliberate choice.

The court sympathizes with any frustration that Truthout may feel at not being able to be heard regarding the propriety of summary judgment, particularly in the face of secret evidence. Nevertheless, this is one of those (thankfully rare) cases when the evidence presented *in camera* was so conclusive as to the questions presented that further briefing and argument was clearly unnecessary. The court has the inherent power to manage its docket, and in the interests of judicial economy, chose to terminate the litigation. Under these circumstances, grounds for reconsideration are absent.

Accordingly, Truthout's motion for partial reconsideration is hereby DENIED.

IT IS SO ORDERED.