NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TRUTHOUT,

              Plaintiff-Appellant,

   v.

DEPARTMENT OF JUSTICE,

              Defendant-Appellee.

No. 14-16288

D.C. No.
2:12-cv-02601-LKK-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted July 8, 2016[**]
San Francisco, California

Before: SILVERMAN, and NGUYEN, Circuit Judges, and ANELLO,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

Truthout appeals the denial of its request for records under the Freedom of Information Act (FOIA) related to the FBI's practice of verifying FOIA privacy waivers. The Department of Justice (DOJ) moved for summary judgment, arguing that the requested documents were exempt from disclosure under FOIA Exemption 7E, which applies to "records or information compiled for law enforcement purposes" where disclosure would reveal "techniques and procedures for law enforcement investigations or prosecutions." 5 U.S.C. § 552(b)(7)(E). In support of its motion, the DOJ submitted the declaration of David Hardy ("Hardy Declaration"), a Section Chief for the Records Management Division of the FBI. The full declaration was submitted to the court *in camera*, while a heavily redacted version was filed on the public docket. Truthout moved to strike the Hardy Declaration or, alternatively, file it on the public docket. The district court denied the motion to strike and granted summary judgment in favor of the DOJ, determining that it was unnecessary for Truthout to file an opposition. Truthout objects to the court's reliance on the *in camera* declaration, to the summary judgment ruling, and to the denial of their ability to file a response.

We agree with the district court that the redacted Hardy Declaration "submitted as much detail in the form of public affidavits and testimony as

2

possible," and that a further explanation would in effect force "the agency to reveal the information contained in the withheld documents." This is a rare occasion where disclosure of further facts "would undermine the very purpose of [the government's] withholding." *Lion Raisins, Inc. v. Dep't of Agric.*, 354 F.3d 1072, 1082 (9th Cir. 2004). Thus, the government "has submitted as detailed public affidavits and testimony as possible." *Doyle v. F.B.I.*, 722 F.2d 554, 556 (9th Cir. 1983).

The Hardy Declaration provided the district court with an adequate factual basis on which to make a decision regarding summary judgment. *Id.* at 555. Further, on *de novo* review, we agree with the district court's legal conclusion that there is no genuine issue of material fact as to whether the withheld documents met the criteria outlined in FOIA Exemption 7E. *Lion Raisins*, 354 F.3d at 1078.

Finally, while we agree that the district court erred by ruling on the government's summary judgment motion without allowing Truthout to file an opposition, *see S. California Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir.), *modified*, 307 F.3d 943 (9th Cir. 2002), any error was harmless. Truthout was afforded an opportunity to move to strike the Hardy Declaration, and has not on appeal pointed to any arguments or evidence that it could put forth in addition to what it has already argued.

**AFFIRMED.**